UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CAHILL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN DOERER,<br><br>　　　　　Respondent. | No.  1:25-cv-00538-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**[21-DAY OBJECTION DEADLINE]** |

　　　　Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　On March 31, 2025, Petitioner filed the instant habeas petition in the United States District Court for the Eastern District of Arkansas.  (Doc. 1.)  On May 6, 2025, the case was transferred to the Eastern District of California because Petitioner is incarcerated within its jurisdiction. Petitioner challenges a decision of the Warden not to restore good time credits. The Court will recommend the petition be DISMISSED WITH PREJUDICE for lack of jurisdiction.

**DISCUSSION**

**I.　　Preliminary Review of Petition**

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Accordingly, the Court should exercise its authority under Rule 4 and dismiss the petition.

## II.     Background

Petitioner is currently in custody of the Bureau of Prisons at U.S.P. Atwater serving a sentence of 108 months for his 2019 conviction of being a felon in possession of a firearm in the U.S. District Court for the Eastern District of Arkansas. United States v. Cahill, Case No. 4:18-cr-00268-SWW-1.

According to exhibits submitted by Petitioner, he has committed eight disciplinary infractions, most recently in 2023. (Doc. 1 at 10-13.) The incidents involved use of drugs and fighting, As a result, he has been sanctioned with an aggregate loss of 314 days of good time credits.

Petitioner states he submitted a letter to the Warden to have his good time credits restored. He states he has been disciplinary-free for over a year, he has sought treatment for his drug problems, and he has renounced his gang membership. He appears to claim the Warden's determination should be overturned. He contends he is entitled to restoration of good time credits for his recent positive behavior.

## III.    Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner's claims are appropriately brought under 28 U.S.C. § 2241 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241").

Section 3625 of Title 18 United States Code provides that "any determination, decision, or

order under [28 U.S.C. §§ 3621–3626]" is excluded from judicial review under the federal Administrative Procedure Act ("APA"). See also Reeb v. Thomas, 636 F.3d 1224, 1227–28 (9th Cir. 2011) (interpreting 18 U.S.C. § 3625 to preclude judicial review of "the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621"). Accordingly, district courts lack jurisdiction to review certain discretionary decisions made by the BOP, such as "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program," under the APA framework. Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016). Decisions regarding prisoners' recidivism risk and transfers to prerelease custody or early supervised release pursuant to the application of FSA time credits fall within this jurisdictional bar. See 18 U.S.C § 3621(h) (governing initial implementation of risk and needs assessment system), 3624(g) (governing transfer to prerelease custody or early supervised release pursuant to application of FSA time credits).

Here, Petitioner is challenging a discretionary decision of the Warden on whether to restore good conduct credit that he duly lost because of numerous disciplinary infractions. The Court has no jurisdiction to review the BOP's discretionary decision to restore credits.

**ORDER**

The Court hereby DIRECTS the Clerk of Court to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any

exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 8, 2025**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE