UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CAHILL,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN DOERER,<br><br>    Respondent. | No. 1:25-cv-00538-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 8 |

    Petitioner Christopher Cahill is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 8, 2025, the assigned magistrate judge issued findings and recommendations to dismiss the petition for lack of jurisdiction. Doc. 8. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On July 7, 2025, petitioner filed objections to the findings and recommendations. Doc. 12.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

novo review of the case. Having carefully reviewed the file, including petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

"[F]ederal courts lack jurisdiction to review the BOP's individualized [] determinations made pursuant to 18 U.S.C. § 3621." *Close v. Thomas*, 653 F.3d 970, 973 (9th Cir. 2011) (quoting *Reeb v. Thomas,* 636 F.3d 1224, 1228 (9th Cir. 2011)). "[H]owever, . . . judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority . . . ." *Id.* at 973–74 (quoting *Reeb,* 636 F.3d at 1228). If a "habeas petition alleges only that the BOP erred in [rendering an individualized determination in the petitioner's] particular case[,]" not that the individualized determination exceeded the bounds of federal law, then judicial review is foreclosed. *Id.*

Here, petitioner challenges the warden's review of a letter he submitted requesting restoration of time credits. Doc. 1 at 6. He argues that the warden should have granted his request to restore good time credits because he has remained disciplinary-free for over a year, sought treatment for his drug problems, and renounced his gang membership. *Id.* Petitioner does not argue that the warden's discretionary denial of petitioner's request exceeded the warden's statutory authority or was contrary to federal law. *Id.* Accordingly, the magistrate judge correctly determined the Court lacked jurisdiction to consider petitioner's claims.

In his objections, petitioner cites to *Preiser v. Rodriguez*, 411 U.S. 475 (1973), as the basis for his argument that the Court has jurisdiction to review his claims. *Preiser* does not aid petitioner. In *Preiser,* the Supreme Court held that a state prisoner's sole remedy when he is challenging the fact or duration of his confinement on the grounds that his confinement is in violation of federal law is a writ of habeas corpus. *Id.* at 500. The prisoners in *Preiser* were challenging disciplinary proceedings where they were sanctioned with a loss of good time credits, and they alleged that the disciplinary proceedings denied them due process. *Id.* at 476–77.

Petitioner does not argue that he was denied due process or that the warden's determination was contrary to federal law. Rather, he simply asserts that, based on certain considerations, the warden's decision should have been different. The Court does not have

1  jurisdiction to review such a claim.

2      In the event a notice of appeal is filed, a certificate of appealability will not be required
3  because this is not a final order in a habeas proceeding in which the detention complained of
4  arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th
5  Cir. 1997).

6      Accordingly,

7      1.    The findings and recommendations issued on May 8, 2025, Doc. 8, are adopted in
8          full;
9      2.    The petition for writ of habeas corpus is dismissed with prejudice; and
10     3.    The Clerk of Court is directed to enter judgment and close the case.

13 IT IS SO ORDERED.

14     Dated:   July 21, 2025

                                          UNITED STATES DISTRICT JUDGE

3